I agree with the majority's opinion that the administrative remedies had been exhausted in this case and, therefore, I concur that the circuit court had jurisdiction of the case. I respectfully dissent, however, from that portion of the decision which holds that the circuit court erred in finding "advancement bypassing" had resulted from the employment procedure used.
Even though the fire chief had the discretion to appoint qualified persons to positions above the rank of captain, this discretion was not unreviewable; it was reviewable by the city council.
On review, the city council concluded that the fire chief's action was improper under the city's personnel procedures, but further *Page 1359 
concluded that the council had no authority to remove the appointee Barkley.
The circuit court, after reviewing the administrative action, stated in its order:
 "[T]hat discretion should be . . . exercised in an unfettered way so long as the objective prerequisites for the decisions bear relationship to the duties sought to be performed."
The city council had determined that the memorandum from Fire Chief Moseley outlining his new requirements for filling the vacancy of district chief effectively eliminated more than twenty captains on the basis that to be eligible, one must have served in a special training division under him. Only two captains met Moseley's criteria, and one of them did not apply for the vacancy.
While the city council's finding of "bypassing" may seem to be improper, the construction of the personnel rules by the administrative department charged with its administration is entitled to weight. 18 Ala. Dig. Statutes, Key No. 219.
Plaintiff's grievances were properly taken to the city council, in accordance with the procedure contained in the "Employee Handbook." The city council made a finding that "bypassing" did occur. After examining all the evidence, the circuit court concurred in the finding by the city council that "bypassing" had occurred. The circuit court pointed out that the city council felt unauthorized to take the remedial step of removing Mr. Barkley. Addressing this legal issue, the court stated:
 "This court, exercising equity jurisdiction, is not so limited."
I concur in the circuit court's treatment of the problem and would affirm.
The order of the circuit court to remove Mr. Barkley from his new position in order to provide for selection procedures to be adopted which would comport with the spirit of the city's personnel system, in my opinion, was within the power of the court, especially its equity jurisdiction, to review the administrative action complained of. The circuit court emphasized the narrow scope of its decision and that by no means was the decision to be construed as an opinion of Mr. Barkley's experience, qualifications, or fitness for the job.
It is apparent to me that the findings of fact by both the city council and the circuit court should be upheld by this Court in view of the statements in the circuit court's order and the evidence supporting the findings and decisions of both tribunals. Consequently, I must dissent from the majority on this aspect of the appeal.
FAULKNER and ALMON, JJ., concur.